# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CONSUELA KELLY-CRISLER,

*Plaintiff*,

v.

DANIEL P. DRISCOLL,
Secretary of the Army,

*Defendant*.

Civil Action No. 25-00252 (AHA)

## Transfer Order

Consuela Kelly-Crisler sues the Secretary of the Army for sex and disability discrimination under Title VII and the Rehabilitation Act. ECF No. 1. The Secretary moves to dismiss the case for failure to state a claim, or to dismiss or transfer the case based on improper venue. ECF No. 9. For the reasons below, the Court transfers the case to the U.S. District Court for the Eastern District of Virginia.[1]

## I.    Background[2]

In 2020, the Army "non-competitively appointed" Kelly-Crisler to be an "Administrative Officer" in Germany. ECF No. 1 ¶¶ 11–12. In 2022, it "failed to convert [her] to a competitive service employment status" even though Kelly-Crisler completed her 2-year probationary period.

---

[1]   The complaint named former Secretary Christine Wormuth as defendant; the current Secretary is substituted. *See* Federal Rule of Civil Procedure 25(d).

[2] When considering a motion to dismiss or transfer for improper venue, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Beckford v. Esper*, No. 18-cv-940, 2018 WL 4778930, at *1 (D.D.C. Oct. 3, 2018) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)).

*Id.* ¶¶ 17, 20. Kelly-Crisler, who "is female and has a record of disability," claims that a male employee with no record of disability was converted to a competitive permanent position. *Id.* ¶¶ 21, 25–26. Kelly-Crisler alleges she was later forced to resign and take a demotion to a position with a lower salary. *Id.* ¶¶ 29–30. She also alleges she was denied an incentive award. *Id.* ¶¶ 31–33.

Kelly-Crisler brings claims for sex and disability discrimination based on these events, which took place at a facility in Germany. *Id.* ¶ 2. The Secretary moves to dismiss or transfer the case, arguing both that the complaint fails to state a claim upon which relief can be granted and that D.C. is an improper venue for this suit. ECF No. 9. For the reasons below, the Court transfers the case to the Eastern District of Virginia.

## II.     Discussion

If a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer "rests within the sound discretion of the district court." *Beckford v. Esper*, No. 18-cv-940, 2018 WL 4778930, at *2 (D.D.C. Oct. 3, 2018) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)). And "the interest of justice generally requires transfer" rather than dismissal. *Id.* (quoting *Ellis-Smith v. Secretary of Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011)).

The same statute governs venue in Title VII and Rehabilitation Act cases. *Bell v. Dep't of Veterans Affs.*, No. 23-cv-2477, 2024 WL 4582971, at *2 (D.D.C. Oct. 25, 2024) (citing *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012)). It authorizes a plaintiff to sue (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would

have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If none of these apply, then the plaintiff can file suit (4) "within the judicial district in which the [defendant] has his principal office." *Id.*

Here, it is undisputed none of the first three provisions apply. Kelly-Crisler alleges that the relevant employment practices took place in Germany related to her work in Germany. ECF No. 1 ¶ 2. And she does not allege any employment records relevant to her suit are maintained in D.C. or that she would have worked in D.C. but for the relevant employment practices.

Accordingly, venue is proper only in the district in which the Secretary has his principal office. Here, both parties recognize the Secretary's principal office is at the Pentagon in Arlington, Virginia—which is, in turn, within the Eastern District of Virginia. *See* ECF No. 9-1 at 15; ECF No. 12 at 4. Kelly-Crisler argues venue is still proper here because the Pentagon has a D.C. mailing address, but courts in this district have consistently recognized the Pentagon is in Virginia for venue purposes. *See, e.g.*, *Beckford*, 2018 WL 4778930, at *2 (collecting cases).

Having determined venue is improper in D.C., the Court has discretion to dismiss the case or transfer it to the right place. Given Kelly-Crisler's misunderstanding about the Pentagon's location for venue purposes, the Court concludes it is in the interest of justice to transfer the case to the Eastern District of Virginia. *See Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 95 (D.D.C. 1983) (concluding in similar circumstances that "a just remedy for the misunderstanding regarding the defendants' addresses and principal places of business is to transfer the action to the district where it could have been brought"); *Beckford*, 2018 WL 4778930, at *3 (citing the plaintiff's confusion regarding the defendant's location for venue purposes as a reason to transfer).

**III.    Conclusion**

For these reasons, the Secretary's motion to transfer, ECF No. 9, is granted. The Secretary's

motion to dismiss, ECF No. 9, is denied as moot without prejudice to being refiled and considered

by the transferee court. The Court transfers this case to the Eastern District of Virginia.

_____
AMIR H. ALI
United States District Judge

Date:   August 11, 2025